IN THE CIRCUIT COURT
FOR BALTIMORE CITY, MARYLAND

NINA BOLLING
6707 1/2 OLD HARFORD ROAD
BALTMORE, MD 21234
(Baltimore City, Maryland)

**JURY TRIAL DEMANDED**

*on her own behalf and on behalf of*
*all others similarly situated,*

Plaintiff,

v.

C & F FINANCE COMPANY
4660 SOUTH LABURNUM AVENUE
RICHMOND, VA 23231

Case No. _____

Serve on:  The Corporation Trust, Inc.
2405 York Road, Suite 201
Timonium, MD 21093

Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Nina Bolling ("Named Plaintiff" or "Bolling"), through her attorney Cory L.

Zajdel, Esq. and Z LAW, LLC, hereby submits this Class Action Complaint against Defendant C

& F Finance Company ("C & F Finance") and for support states as follows:

## I.   PRELIMINARY STATEMENT

1.      Bolling institutes this case against C & F FINANCE on her own behalf and on

behalf of all others similarly situated for violating statutory and contractual obligations and seeks

to recover statutory damages, liquidated damages, pre-judgment and post-judgment interest

against C & F FINANCE for multiple violations of *Maryland's Credit Grantor Closed End*

*Credit Provisions*, MD. CODE ANN., COMM. LAW §§ 12-1001 *et seq.* ("CLEC").

2.      C & F FINANCE extends or is assigned secured financing for personal property to more than fifty (50) borrowers in Maryland each year.

3.      C & F FINANCE extends or is assigned secured financing to more than fifty (50) borrowers in Maryland through credit contracts electing CLEC as the governing law each year.

4.      C & F FINANCE repossesses secured property originated from credit contracts electing CLEC.

5.      In the event its customer fails to reinstate the contract or redeem the personal property following repossession, C & F FINANCE sells the customer's personal property.

6.      C & F FINANCE's routine business practice is to send its CLEC customers form notices of the right to redemption and the plan to sell prior to the sale of personal property ("redemption and pre-sale notice") and form notices of the claimed deficiency after the sale of the personal property in which it demands payment ("post-sale notice").

7.      If a deficiency balance remains on the CLEC credit account after C & F FINANCE sells the personal property, C & F FINANCE pursues collection actions including referring credit accounts to collection attorneys, filing suit against C & F FINANCE customers for alleged deficiency balances, selling the open credit accounts to debt buyers or referring the credit account to debt collectors.

8.      Through its use of deficient redemption and pre-sale notices, C & F FINANCE has deprived its CLEC customers of valuable information mandated by Maryland law.

9.      C & F FINANCE violated Maryland law by failing to provide the: 1) redemption and pre-sale notice within five days of the repossession; 2) redemption and pre-sale notice to the last known mailing address; and 3) failing to mail the redemption and pre-sale notice by certified mail return receipt requested.

- 2 -

10.    C & F FINANCE charges a fee to its CLEC customers for collecting a payment by phone through a live representative or through an automated system and through the internet ("convenience fee").

11.    C & F FINANCE charged and collected convenience fees to more than fifty (50) CLEC customers.

12.    By charging and collecting its CLEC customers convenience fees, C & F FINANCE deprived its CLEC customers of valuable rights mandated by Maryland law.

13.    C & F FINANCE violated Maryland law by charging and collecting convenience fees to its CLEC customers.

14.    C & F FINANCE's repeated charges for convenience fees and use of deficient redemption and pre-sale notices which omit material information required by Maryland law makes this case particularly suitable for resolution through a class action lawsuit.

## II.    JURISDICTION

15.    This Court has jurisdiction over this case under MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

16.    This Court has personal jurisdiction over Defendant C & F FINANCE pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-103(1)-(3), as C & F FINANCE systematically and continually transacts business in Maryland, the case arises out of a transaction that took place within Maryland, C & F FINANCE contracts to supply goods or services in Maryland, repossesses vehicles in Maryland and files lawsuits in Maryland's State Court System.

## III.    PARTIES

17.    Plaintiff Bolling is a natural person currently residing at 6707 1/2 Old Harford Road, Baltimore, MD 21234 (Baltimore City, Maryland).

- 3 -

18.     Defendant C & F FINANCE is a Virginia Corporation doing business within this state and with its principle place of business located at 4660 South Laburnum Avenue, Richmond, VA 23231.

## IV.    **FACTUAL ALLEGATIONS**

19.     On or about July 21, 2012, Bolling purchased a 2010 Dodge Caliber from Heritage Hyundai Towson.

20.     Bolling obtained financing for the purchase of the 2010 Dodge Caliber through the dealership that sold the vehicle, Heritage Hyundai Towson, which was memorialized in a Retail Installment Sale Contract ("RISC").

21.     The RISC affirmatively elects to be governed under Subtitle 10 of Title 12 of the Commercial Law Article (*i.e.* CLEC).

22.     Bolling purchased the 2010 Dodge Caliber primarily for personal, family and household purposes.

23.     The RISC by which Bolling financed the purchase was assigned to C & F FINANCE.

24.     The total amount financed in the RISC was $15,499.62.

25.     The total amount of finance charges scheduled to be paid over the lifetime of the RISC was $11,248.38.

26.     C & F FINANCE accepted the assignment of the credit contract.

27.     Throughout the life of the CLEC credit account, Bolling made numerous payments to C & F FINANCE.

28.     C & F FINANCE received payments on Bolling's account totaling more than the amount financed.

- 4 -

29.     Throughout the life of the CLEC credit account, C & F FINANCE charged Bolling multiple convenience fees.

30.     Throughout the life of the CLEC credit account, C & F FINANCE collected multiple convenience fees from Bolling.

31.     As part of the July 21, 2012 transaction, C & F FINANCE took a lien and security interest on the 2010 Dodge Caliber.

32.     C & F FINANCE and/or its agents seized and repossessed the 2010 Dodge Caliber on or before January 1, 2017.

33.     C & F FINANCE sent a redemption and pre-sale notice on January 30, 2017.

34.     C & F FINANCE's redemption and pre-sale notice was mailed to an address in Richmond, Virginia.

35.     C & F FINANCE's redemption and pre-sale notice was mailed by certified mail.

36.     C & F FINANCE provided Bolling a post-sale notice demanding payment on a deficiency balance totaling $3,813.61.

37.     C & F FINANCE made attempts to collect the claimed outstanding deficiency balance from Bolling after mailing the post-sale notice.

38.     C & F FINANCE filed a lawsuit against Bolling in the District Court of Maryland for Baltimore City attempting to collect the alleged outstanding deficiency balance on Bolling's CLEC credit account.

39.     C & F FINANCE sought to recover the alleged deficiency balance plus pre-judgment interest and attorney's fees.

40.     Bolling filed a Notice of Intention to Defend and hired counsel to defend her in the collection lawsuit.

- 5 -

41.     C & F FINANCE submitted documentary evidence and a sworn affidavit as evidence of its entitlement to the alleged outstanding deficiency balance on Bolling's CLEC credit account.

42.     A contested trial was scheduled for January 8, 2018 in the District Court of Maryland for Baltimore City.

43.     C & F Finance dismissed the case with prejudice on January 8, 2017.

44.     The dismissal with prejudice was entered on the docket by the clerk of the court on January 9, 2018.

## V.     CLASS ACTION ALLEGATIONS

45.     Named Plaintiff brings this action on behalf of a Class which consists of:

### Repossession Class

**All persons whose personal property was repossessed by C & F FINANCE in connection with a credit contract governed by CLEC where C & F FINANCE collected more than the principal amount of the credit contract.**

### Convenience Fee Class

**All persons who entered into a credit contract governed by CLEC that paid a convenience fee to C & F FINANCE where C & F FINANCE collected more than the principal amount of the credit contract.**

Excluded from the Classes are those individuals: (a) who now are or have ever been executives of the Defendant and the spouses, parents, siblings and children of all such individuals; (b) whose credit accounts were discharged in a bankruptcy; (c) whose credit account resulted in a judgment prior to the date of the filing of this action. Excluded from COUNT I are those individuals whose credit account was satisfied more than six (6) months prior to the date of the filing of this action. Excluded from COUNT II are those individuals in the Repossession Class

whose vehicle was sold after repossession more than four years prior to the date of the filing of this action. Also excluded from COUNT II are those individuals in the Convenience Fee Class that have not paid a convenience fee within four years from the date of the filing of this action.

46.     The Classes, as defined above, are identifiable. The Named Plaintiff is a member of the Classes.

47.     The Classes consist, at a minimum, of fifty (50) total borrowers and is thus so numerous that joinder of all members is clearly impracticable.

48.     There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members.

49.     The common and predominating questions include, but are not limited to:

(a) Whether it is a violation of CLEC § 12-1021(e) to provide redemption notices to a consumer borrower more than five (5) days after a repossession;

(b) Whether it is a violation of CLEC § 12-1021(e) and (j)(1)(ii) to mail repossession notices to a consumer borrower to an address other than the last known address;

(c) Whether it is a violation of CLEC § 12-1021(j)(1)(ii) to mail pre-sale notices without a return receipt requested;

(d) Whether C & F FINANCE charged convenience fees to its CLEC customers;

(e) Whether it is a violation of CLEC to collect a convenience fee in connection with a CLEC loan account;

(f)     Whether C & F FINANCE collected convenience fees from its CLEC customers; and

- 7 -

(g)  Whether C & F FINANCE breached its credit contracts with the Classes when it violated CLEC.

50.    Claims of Named Plaintiff are typical of the claims of the respective members of the Classes and are based on and arise out of similar facts constituting the wrongful conduct of C & F FINANCE.

51.    Named Plaintiff will fairly and adequately protect the interests of the Classes.

52.    Named Plaintiff is committed to vigorously litigating this matter.

53.    Further, Named Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

54.    Neither Named Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

55.    Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Classes.  MD. RULE 2-231(b)(3).

56.    A class action is the superior method for fair and efficient adjudication of the controversy.  MD. RULE 2-231(b)(3).

57.    The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

58.    The likelihood that individual members of the Classes will prosecute separate actions is remote also because each individual claim involves a small amount.

59.    Counsel for Named Plaintiff and the Classes is experienced in class actions and foresees little difficulty in the management of this case as a class action.

VI.    CAUSE OF ACTION

### COUNT ONE
### (MARYLAND CREDIT GRANTOR CLOSED END CREDIT PROVISIONS)

60.    Bolling re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

61.    CLEC requires credit grantors to provide redemption notices, pre-sale notices and post-sale notices and the information that is required to be contained there within with respect to repossession, storage and sale of secured property.

62.    CLEC restricts credit grantors from charging or collecting any fees, charges or interest not specifically enumerated in CLEC.

63.    In violation of CLEC § 12-1021(e), C & F FINANCE failed to provide Named Plaintiff and the Repossession Class with the required redemption and pre-sale notice within five days of the repossession.

64.    In violation of CLEC § 12-1021(e) and (j)(1)(ii), C & F FINANCE failed to provide Named Plaintiff and the Repossession Class with the required redemption and pre-sale notice to Plaintiff's last known address.

65.    In violation of CLEC § 12-1021(j)(1)(ii), C & F FINANCE failed to provide Named Plaintiff and the Repossession Class with the required redemption and pre-sale notice by certified mail return receipt requested.

66.    In violation of CLEC, C & F FINANCE charged Named Plaintiff and the Convenience Fee Class convenience fees.

67.    In violation of CLEC, C & F FINANCE collected convenience fees from Named Plaintiff and the Convenience Fee Class.

- 9 -

## COUNT TWO
### (BREACH OF CONTRACT)

68.     Bolling re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

69.     CLEC was in effect at the time Named Plaintiff and all other Class Members' credit contract were signed.

70.     C & F FINANCE specifically and unequivocally elected CLEC as the controlling law in its credit contract with Plaintiff.

71.     C & F FINANCE specifically and unequivocally incorporated the CLEC into credit contracts with Named Plaintiff and all Class Members.

72.     The provisions of the CLEC became a part of the contracts just as if the parties expressly included the CLEC provisions in their credit contract.

73.     When C & F FINANCE violated CLEC as set forth herein, C & F FINANCE materially breached its contract with Named Plaintiff and the Classes.

74.     As a result of C & F FINANCE's breach of contract with Named Plaintiff and the Classes, Named Plaintiff and the Classes have been damaged.

75.     Named Plaintiff and the Classes were deprived of the substantial rights granted to them by CLEC and under the credit contract as set forth above.

76.     Named Plaintiff and the Classes sustained damages and losses due to these breaches of contract.

### PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff respectfully prays that this Court:

A.     assume jurisdiction of this case;

B.     enter an order certifying the Classes under MD. RULE 2-231(b)(3);

C.      enter an order that C & F FINANCE pay to Named Plaintiff and the Classes the statutory penalties (and contractual liquidated damages) imposed by CLEC § 12-1018(a)(2);[1]

D.      enter an award of pre-judgment and post-judgment interest on all sums awarded to Plaintiff; and

E.      award such other relief as the court deems appropriate.

Respectfully submitted,

Z LAW, LLC

Dated: February 14, 2018                 By:_____
Cory L. Zajdel, Esq.
2345 York Road, Suite #B-13
Timonium, Maryland 21093
(443) 213-1977
clz@zlawmaryland.com

**Attorney for Plaintiff**

**JURY TRIAL**

Named Plaintiff demands trial by jury on all issues so triable.

_____
Cory L. Zajdel

---

[1] Pursuant to MD. RULE 2-305, Bolling states that her claims total less than $75,000.00.

IN THE CIRCUIT COURT
FOR BALTIMORE CITY, MARYLAND

NINA BOLLING

    *on her own behalf and on behalf of*
    *all others similarly situated,*

        Plaintiff,

    v.

C & F FINANCE COMPANY

        Defendant.

Case No. 24-C-18-000782  CN

## NOTICE OF DISCOVERY

I HEREBY CERTIFY that on this 20th day of February, 2018, a copy of Plaintiff Nina

Bolling's Interrogatories, Request for Production of Documents and Requests for Admissions

propounded on Defendant C & F Finance Company was served by first class mail, postage

prepaid by certified mail return receipt requested on:

        The Corporation Trust, Inc.
        2405 York Road, Suite 201
        Timonium, MD 21093

**Resident Agent for Defendant C & F Finance Company**

        Respectfully submitted,

        Z LAW, LLC

Dated: February 20, 2018      By: _____
        Cory L. Zajdel
        2345 York Road, Suite #B-13
        Timonium, Maryland 21093
        (443) 213-1977

        **Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that on this 20th day of February, 2018, I caused a copy of the foregoing Notice of Discovery to be sent by first class mail, postage prepaid by certified mail return receipt requested to:

The Corporation Trust, Inc.
2405 York Road, Suite 201
Timonium, MD 21093

**Resident Agent for Defendant C & F Finance Company**

Cory L. Zajdel